IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BRITTNEY FELDER,** | * |
| Plaintiff, | * |
| v. | *   Civil No. **PJM 18-3405** |
| **MGM NATIONAL HARBOR, LLC,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

This is the second time Plaintiff Brittney Felder's *pro se* action has come before the Court on a motion to dismiss. The Court previously granted Defendant MGM National Harbor, LLC's ("National Harbor") Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20 ("Opinion"). Felder was given leave to amend the Complaint, which she has now done. ECF No. 22 ("Am. Compl."). The Amended Complaint re-asserts the same claims against National Harbor for race, sex, and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Civil Rights Act of 1866, 42 U.S.C. § 1981; as well as various state and common law claims.[1]

For the reasons that follow, the Court **GRANTS** National Harbor's Motion to Dismiss the Amended Complaint, ECF No. 23. Felder's Motion for Leave to File a Surreply, ECF No. 27, is therefore **MOOT**.

I.

The facts of this case have not changed and are set forth at length in the Court's prior Opinion. At present, only those facts necessary to resolve the pending motions are repeated.

---

[1] In addition to National Harbor, Felder originally sued fifty unnamed defendants. As noted in the Court's prior Opinion, Felder has only pursued claims against National Harbor. Opinion 17 n.6.

1

In 2017, Felder, who self-identifies as a "fair-skin (light tone) African American female," served as an Assistant Manager of Retail at National Harbor in Prince George's County. Am. Compl. ¶ 109. Although she initially received positive feedback for her work, Felder claims that she eventually was unfairly criticized by colleagues. In particular, she accuses her supervisor, Barbara Jones ("a dark-skinned African American female"), of sabotaging her employment, discriminating against her, defaming her, and intentionally causing her emotional distress. *See id.* ¶ 112. Jones allegedly undermined Felder's work, the components of which were ultimately delegated to "less qualified" employees. *Id.* ¶ 73. Among other things, Felder claims that Jones called her "the *Queen*." *Id.* ¶ 41.[2]

In September 2017, Felder began planning for a high-profile retail event at National Harbor. After Felder undertook preparations for the event, Jones allegedly altered several store designs without notice to Felder. Upset, Felder "pleaded and begged" Jones to desist. *Id.* ¶ 42. When Felder continued her complaints, Jones allegedly called National Harbor security, describing Felder as an "irate" employee. *Id.* Felder was soon escorted from the premises by security personnel and police.

The next day, Jones met with Felder and terminated her employment. At the meeting, Felder was allegedly informed—for the first time—that her employment was subject to a mandatory 90-day probationary period which had not yet expired. Felder was then provided with a separation agreement that she refused to sign.

---

[2] Felder alleges that the "word 'Queen' in the African American culture is a derogatory term when used between African Americans of different colors. It harkens back to slavery when lighter skin or fair toned Blacks were viewed by Whites as being better, prettier, or placed above darker skin Blacks." Am. Compl. ¶ 41 n.3.

**II.**

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards" that require plaintiffs to submit only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). To survive dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Plausibility requires factual allegations showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept the factual allegations as true at this stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Courts have an added "obligation to liberally construe a *pro se* complaint." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). Nonetheless, this requirement "does not transform the court into an advocate." *Weller v. Department of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "While *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Id.* (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). With these precepts in mind, the Court considers National Harbor's Motion to Dismiss the Amended Complaint.

**III.**

A. Tortious Misrepresentation / Fraud

Relying essentially on the same facts alleged in the original Complaint, the Amended Complaint asserts a claim for "tortious misrepresentation/fraud." Felder contends that (1) she only accepted a position at National Harbor in part because she was promised "lasting" employment, and (2) National Harbor did not inform her of a 90-day probationary period imposed at the start of

3

her employment. *See* Am. Compl. ¶¶ 50–62. Felder maintains that these misrepresentations and omissions were fraudulent.

As with the original Complaint, the Amended Complaint fails to meet the heightened pleading standard required of Felder. To reiterate, Federal Rule of Civil Procedure 9(b) requires that she plead "with particularity the circumstances constituting fraud or mistake." The complaint must include the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). The Amended Complaint fails to do so.

Even assuming Felder had pleaded her claim with particularity, the Amended Complaint does not plausibly allege that National Harbor failed to inform her of the 90-day probationary period with intent to deceive, or even that that would matter. The same may be said for National Harbor's alleged promise of "lasting" employment, an entirely vague and speculative term. As already observed, "promises about potential future employment opportunities, or general promissory statements, are not actionable as fraud, unless the employer did not intend to perform on those promises." Opinion 7 (citing *Miller v. Fairchild Indus., Inc.*, 629 A.2d 1293, 1302 (Md. Ct. Spec. App. 1993)). Nothing in the Amended Complaint supports a reasonable inference that National Harbor had no intention to perform on its promise. Felder's amendment of the Amended Complaint could add no substance to this critical element. Accordingly, Felder's claim for "tortious misrepresentation/fraud" is dismissed.

### B. Breach of Contract

As in the original Complaint, the Amended Complaint also asserts a breach of contract claim predicated upon a description of Felder's job on National Harbor's website. Once again, Felder contends that the job description on the website created a binding contract when she

accepted the position. She apparently overlooks the fact that the Court previously held that it did not. *Id.* at 8. Despite the Court's clear ruling, the Amended Complaint simply doubles-down, alleging that because Felder was barred from "performing or attempting to perform her rightful duty as strictly said and outlined *within* the Job Posting, . . . a binding agreement between the employer and employee" was breached. Am. Compl. ¶ 70. The Amended Complaint therefore suffers the same fatal defect as the original: there is no valid employment contract.[3]

### C. Defamation & Slander[4]

The Amended Complaint asserts defamation claims based upon the same allegedly false statements that the Court previously found unactionable—in that the purported claims are "substantially correct, hyperbole, or protected by a qualified privilege." Opinion 9. Nevertheless, Felder re-asserts her claims, submitting, she says, facts that "clarify and paint an even more accurate picture." ECF No. 25-1 at 12. But the minor facts she adds do not render the underlying statements actionable. Felder does not state a claim for defamation.[5]

### D. Negligent Supervision & Retention

Felder yet again brings a claim for negligent supervision, alleging that National Harbor knew or should have known that Jones would defame her. In its prior Opinion, the Court found that Felder failed to plead: (1) actual or constructive notice that Jones would defame her, and (2) any injury. Opinion 10–11. And, of course, no actionable defamation has been pled. Felder attempts to cure these deficiencies with allegations that her performance was exemplary and she

---

[3] As the Court addressed in its prior Opinion, Felder's reliance on Maryland's Uniform Commercial Code is misplaced since her claims do not involve a contract for the sale of goods. Opinion 8 n.1.
[4] Felder has brought separate causes of action for "defamation" and "slander." As previously addressed, the claims are one in the same. *Id.* at 9–10.
[5] Again, Felder cites Maryland's Uniform Commercial Code, which does not apply. *Id.* at 8 n.2.

was undeserving of any criticism. These self-serving descriptions in no way salvage her meritless claim. Again, the claim falls short.

### E. Intentional Infliction of Emotional Distress

Felder's claim for intentional infliction of emotional distress has not changed; Jones allegedly caused Felder severe emotional distress when she called for security and had Felder escorted from the premises. The Court previously found that Felder failed to plead the "outrageous conduct" and severe emotional distress required to sustain the cause of action. Opinion 12. The Amended Complaint's additional allegations suggest that Jones wrongfully described Felder as an "irate" employee to security personnel. *Id.* ¶ 97. Felder insists that "irate" is a "'trigger' word that security and law enforcement take extremely seriously," *id.*, and that they put Felder's "life in danger, and immediately exposed her to extreme and outrageous conduct, robbing her dignity." *Id.* ¶ 98. While Felder's supplemental facts indicate that she may have experienced some level of distress, merely describing an event as "outrageous" does not convert it into a legally cognizable cause of action. Her claim, in a word, is baseless.

### F. Race, Color, and Sex Discrimination Claims

Felder again alleges that she suffered from race, color, and sex discrimination. As with her other causes of action, Felder does little more than add conclusory allegations to claims the Court has already dismissed. It is worth noting that Felder has somewhat refined her claim to more directly allege that she was discriminated against for being a "fair-skin (light tone) African American female." Am. Compl. ¶ 109. However, the Amended Complaint still lacks plausible allegations of any discriminatory animus directed at her. There is simply nothing in Felder's repeated efforts to sustain her case that even hints of race or sex discrimination. Moreover, as in the original Complaint, the only allegation involving potential discrimination based upon "color"

is Jones's reference to Felder as "the Queen." Am. Compl. ¶ 41. Although Felder insists that "queen" is used between African Americans as a derogatory term for lighter-skinned individuals, the circumstances surrounding Jones's use of the word do not support any inference of discrimination.

### i. *Disparate Treatment*

Felder has added allegations that three "fair-skin (lighter tone) African American employees" were disparately disciplined compared to "two dark-skin (darker tone) African American employees." Am. Compl. ¶¶ 130, 132. She alleges that the "two dark-skin" employees were not terminated after a "serious physical altercation," whereas fair-skin African Americans were punished for trivial conduct. *Id.* ¶ 132. No facts suggest in the least that the comparators' favorable treatment was because of the shade of their skin, or that they were in any way similarly situated to Felder. In sum, the Amended Complaint does not allege a claim for disparate treatment.

### ii. *Wrongful Termination*

Felder's claim for wrongful termination fails for largely the same reason: she does not plausibly allege she was terminated because of her status within a protected class. Although the Amended Complaint is rife with speculation, there is no basis for finding that Felder was wrongfully terminated for her race, sex, or color. The Amended Complaint fails to plead a claim for wrongful termination.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** National Harbor's Motion to Dismiss, ECF No. 23. The Court has also considered Felder's proposed surreply, attached to her Motion for Leave to File a Surreply, ECF No. 27. Since she raises no issues that in any way would alter the Court's analysis, her Motion is **MOOT**. The Clerk of Court is directed to **CLOSE** the case.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 24, 2020**