**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-2373

BRITTNEY FELDER, an individual,

    Plaintiff - Appellant,

 v.

MGM NATIONAL HARBOR, LLC; DOES 1 THROUGH 50, inclusive,

    Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:18-cv-03405-PJM)

Submitted: April 29, 2022            Decided: July 21, 2022

Before DIAZ, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Brittney Felder, Appellant Pro Se. Jeremy Steven Schneider, JACKSON LEWIS PC, Reston, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brittney Felder appeals the district court's order dismissing her discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (Title VII), *as amended*, 42 U.S.C. §§ 2000e to 2000e-17, as well several state law claims. With respect to her discrimination claims, Felder alleged that her employer, MGM National Harbor, LLC ("MGM"), and employees of MGM, discriminated against Felder, and eventually terminated Felder's employment, because of her race, color, and sex. We affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff seeking relief under Title VII must demonstrate some adverse employment action. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007).[*]

---

[*] Although Felder raised her race discrimination claim under both Title VII and § 1981, we analyze them together. *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d

2

"An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Id.* (cleaned up). Examples of an adverse employment action include a "decrease in compensation, job title, level of responsibility, or opportunity for promotion." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (internal quotation marks omitted). The only adverse employment action Felder alleged was her termination. Therefore, the district court was correct to dismiss Felder's claims of discrimination that did not relate to her claim of wrongful termination.

A plaintiff is not required to plead a prima facie case of discrimination under Title VII to survive a motion to dismiss. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015). Instead, a plaintiff must allege sufficient facts "to satisfy the elements of a cause of action created by [the applicable] statute." *Id.* at 585 (internal quotation marks omitted). Thus, Felder had to plausibly allege that she was terminated "'*because of*'" her race, color, or sex to withstand a motion to dismiss. *See id.* (quoting 42 U.S.C. § 2000e–2(a)(1)). In making this determination, we have cautioned that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Woods v. City of Greensboro*, 855 F.3d 639, 652 (4th Cir. 2017) (cleaned up).

---

208, 219 (4th Cir. 2016) (noting that elements of discriminatory discharge based on race under Title VII and § 1981 "are effectively the same").

We agree with the district court that Felder failed to adequately plead her claims of race- and sex-based discrimination. Although Felder frequently indicated the race and sex of various individuals throughout her amended complaint, she failed to describe how those attributes played a role in any of the alleged discriminatory conduct, much less her termination.

However, construing the complaint in Felder's favor, as we must at this stage in the litigation, we conclude that she has alleged a plausible claim of color-based discrimination. Color discrimination and race discrimination claims are separate causes of action, which may be brought together or irrespective of one another. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 & n.5 (4th Cir. 2002). Thus, it is appropriate for courts to address race- and color-based discrimination claims separately, such that the court can independently assess whether each claim passes muster.

With respect to color-based discrimination, Felder alleged that lighter tone African Americans, including herself, were punished more frequently and more harshly than darker tone African Americans. She further alleged that her direct supervisor, a darker tone African American, predominantly hired darker tone African Americans, and that MGM perpetuated a workplace in which derogatory remarks were frequently made against lighter tone African Americans. Indeed, Felder stated that her direct supervisor referred to Felder by use of a derogatory term that implicated Felder's color a mere three days before Felder was terminated. Finally, Felder repeatedly alleged that she was performing her job to at least a satisfactory level. We conclude that these allegations, if proven true, could demonstrate that Felder was terminated because of her color.

Finding no other reversible error, we affirm the district court's dismissal of Felder's sex and race discrimination claim under Title VII; the dismissal of her state law claims; and the dismissal of any other discrimination claims unrelated to Felder's claim of wrongful termination. However, we vacate the district court's dismissal of Felder's wrongful termination claim based on color discrimination, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*