UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

GREENBELT DIVISION

| | | |
|---|---|---|
| **BRITTNEY FELDER,** | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.  PJM-18-03405 |
| **MGM NATIONAL HARBOR, LLC,** *et al*, | * | |
| Defendants. | * | |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION

# FOR RECUSAL OF JUDGE PETER J. MESSITTE

# FOR BIAS AND PREJUDICE

_____

Brittney Felder

Plaintiff, *Pro Se*

6902 Forbes Boulevard,

Seabrook, Maryland 20706

Telephone: (301) 221 - 3833

Email: brittfel@verizon.net

Dated: January 01, 2024                                        Facsimile: (301) 577 - 6001

## **INTRODUCTION**

This is a discrimination case. *Pro Se* Plaintiff Brittney Felder ("Felder" or "Plaintiff") brings forth in her Amended Complaint ("Complaint") discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, as well as several state law claims. Concerning Plaintiff's discrimination claims, Plaintiff alleges that the Defendants — Plaintiff's former employer — MGM National Harbor, LLC ("National Harbor" or "Defendants"), and its employees, discriminated against her on the basis of her skin color, resulting in her termination.

The Defendants in their opposition to Felder's Complaint, sought dismissal of Plaintiff's case on their belief that Felder's Complaint was nothing more of a description of a "series of petty slights and misconduct by Plaintiff and her colleagues"; and that Felder's "Complaint, as well as its…attachments hav[e] nothing whatsoever to do with her…color…". This Court agreed, and Judge Peter J. Messitte granted the Defendants' Motion to Dismiss WITH PREJUDICE.

The Plaintiff appealed the District Court's decision that dismissed all Plaintiff's discrimination claims, to the United States Court of Appeals for the Fourth Circuit. The Court of Appeals three-judge panel unanimously disagreed with the opinion of this District Court, finding that if the Plaintiff's allegations are proven true, then it would demonstrate that Felder was terminated because of her color. This case was then remanded back to this Court.

Unfortunately, since this case has been remanded back to this Court under the continued oversight of Judge Peter J. Messitte, the Plaintiff has repeatedly found herself prejudiced in several of the proceedings. It is for this reason that it is imperative that Judge Peter J. Messitte recuse himself from any further judgments, orders, rulings, and proceedings, both pretrial and during trial, that relate to this case.

It is important that this Court and the Honorable Peter J. Messitte, himself, understand that the Plaintiff in no way, shape, or form, is intending to question the character of Judge Messitte or his ability or capability as an honorable or good faith District Court Judge. However, the numerous serious questionable and unethical actions executed as well as those documented in Judge Messitte's own words within his rulings, orders, and judgments have displayed a bias and prejudice that severely harm, has harmed, and can harm the Plaintiff, while also showing undue and improper favor to the opposing party and its Counsel. And now, at the most critical juncture in the proceedings of the case, a recusal is ethically required to protect the Plaintiff and the integrity of her case.

## NATURE AND STAGE OF PROCEEDINGS

This is a discrimination case remanded back to this Court on appeal by the Judgment of the Court of Appeals for the Fourth Circuit on July 21, 2022, to allow for additional proceedings to occur. On August 17, 2022, Honorable Judge Peter J. Messitte reinstated Plaintiff's claim for employment discrimination based on color. (ECF No. 36)

A Scheduling Order was then put in place by Judge Messitte, whereby the initial Discovery deadline was December 30, 2022, and the deadline to submit dispositive pretrial motions was January 30, 2023. (ECF No. 37) However, due to various substantial discovery issues that occurred because of the Defendants' noncompliance with the Federal Rules of Civil Procedure, Plaintiff was forced to file a Motion to Compel a Response to Plaintiff's First Set of Interrogatories (ECF No. 43) on December 06, 2022, and a Motion to Compel Production of Documents (ECF No. 51) on December 17, 2022.

The Defendants correspondingly filed a Motion for Extension of Time of Scheduling Order Deadlines (ECF No. 44) on December 07, 2022. Despite Plaintiff's opposition (ECF No. 45)

thereto, on December 21, 2022, Judge Messitte granted Defendants' Motion to extend the scheduling deadlines by sixty (60) days — instead of the requested ninety (90) days by Defendants — thereby changing the Discovery deadline to February 28, 2023, and the deadline to file dispositive motions to March 31, 2023. (ECF No. 54)

On February 23, 2023, a Paperless Order (ECF No. 69) scheduling a telephonic conference with Magistrate Judge Simms for March 02, 2023, to discuss all outstanding Discovery disputes and Motions was filed. At the aforementioned Conference (ECF No. 72), Magistrate Judge Simms noted the "gamesmanship" and warned of the sanctionable actions of the Defendants, as well as their boilerplate responses to the Plaintiff's Discovery Requests. As a result, Judge Simms filed three Orders: (1) a Protective Order regarding confidentiality of discovery materials (ECF No. 73); (2) an Order setting the deadline for parties/counsel to file an Attestation of Compliance (ECF No. 74); and (3) an order (ECF No. 75) granting in part and denying in part Plaintiff's ECF No. 43 and ECF No. 51 Motions to Compel as set forth; setting the date for parties to engage in a good faith meet and confer session with a court reporter as set forth; granting Plaintiff's pleadings construed as request for entry of protective order; setting the deadline for a Joint Status Report ("JSR"); and revising the deadline for dispositive motions after submission of the JSR. The Plaintiff submitted her attestation (ECF No. 76) on March 08, 2023, and Defendant their attestation (ECF No. 77) on March 10, 2023.

The parties also filed a Joint Status Report (ECF No. 78) on April 21, 2023, in which the parties disclosed that all discovery disputes had been resolved; requested a 60-day extension for Defendants' to supplement their responses and documents (meaning that Discovery would close on June 23, 2023); and a JSR would also be filed on that date relating to the parties proposed dispositive motions briefing schedule and views on whether the parties' would seek referral of this

case for mediation. On April 24, 2023, Judge Simms through a paperless order (ECF No. 79), granted all requests.

The parties thus filed a Joint Status Report on June 23, 2023. (ECF No. 80). In receipt of this JSR, Judge Simms filed a paperless order (ECF No. 81) on June 26, 2023, in which the parties request for a limited extension to the close of the discovery deadline was construed as a motion to extend the Scheduling Order deadlines. Upon consideration of the Motion, the Court found good cause to grant the requested relief, and the Motion was granted. As a result, Discovery now closed on Jue 30, 2023. Also, by no later than July 14, 2023, the parties were to provide a JSR related to the parties' proposed dispositive motions briefing schedule and views on whether they seek referral of this case for mediation.

Even with the multiple requests to extend the scheduling deadlines for the Defendants to finish supplementing their documents granted, the Defendant petitioned the plaintiff yet again to extend the Discovery deadline. The Plaintiff agreed to a seven-day extension for Defendants to supply the additional critical discovery documents. Therefore, in the JSR (ECF No. 82), filed on July 14, 2023, the Defendants' request was incorporated therein. On July 17, 2023, Judge Simms issued a paperless order (ECF No. 83) construing the request as a motion to extend the Scheduling Order deadlines and granted the requested relief in order for the Defendants to "supplement its production with the additional personnel profiles, emails, and video recordings/surveillance."

Although the Defendants were granted several extensions that amounted to several months of delays, the Defendants still had not provided Plaintiff with all that she requested. Additionally, there were still concerning behaviors that the Defendants were displaying, prompting the request of a telephonic Status Conference within the JSR filed on September 01, 2023. (ECF No. 84) On September 15, 2023, Judge Simms filed a paperless order scheduling the telephonic status hearing

for October 03, 2023. (ECF No. 85) On October 03, 2023, the teleconference was held before Magistrate Judge Simms. (ECF No. 86) Based off the information divulged in the teleconference, Judge Simms found it necessary to issue an order on October 04, 2023, granting Plaintiff leave to file a motion for sanctions by October 20, 2023; affirmed the October 13, 2023, deadline to file dipositive motions; and established a briefing schedule. (ECF No. 87) On October 06, 2023, a Joint Motion (ECF No. 88) to refer this case to mediation was filed, wherein the Defendant, despite strong opposition from the Plaintiff and against the affirmed Order of Magistrate Judge Simms, requested that the Court allow the dispositive motions deadline — October 13, 2023 — be held in abeyance until two weeks after the Parties complete mediation (which to date, is not scheduled). On October 13, 2023, the day the dispositive Motions were due, Judge Messitte, in ECF No. 89, granted the referral of the case to mediation and ordered that the October 13th dispositive motions deadline be held in abeyance until two weeks after the Parties complete mediation.

On Monday, October 30, 2023, Plaintiff received an email from Defendants of notice to schedule a two-week period for settlement discussions per the email they received from the referred Magistrate Judge regarding the settlement conference. Plaintiff, however, never received any notice from the Magistrate Judge's Chambers, as the Judge's email Notice had *only* been sent to the Defendants' counsel, never to the Plaintiff. Had Plaintiff not received the email from the Defendants, then Plaintiff would not have known or been able to respond to anything concerning the mediation, already prejudicing the Plaintiff. Furthermore, upon reviewing the Magistrate Judge's email that the Defendants' included in their notice to Plaintiff, it was disclosed that only telephonic/email settlement conferences will be held, which was in direct conflict to what was told to and agreed to by the Plaintiff from prior discussions with the Defendants regarding the mediation — "That the mediation will be held in-person, with the Defendants' counsel present, as

well as the Counsel's Client (MGM National Harbor)". It was evident from the onset that this mediation referral was not at all for the benefit of the Plaintiff and was not being conducted in a conventional manner. For the sheer facts alone that Plaintiff was not notified of the Mediation from the Magistrate Judge's Chambers; that it was the Defendants who informed the Magistrate Judge that Plaintiff had not received notice; and Plaintiff herself (via email dated December 07, 2023) was forced to contact the Magistrate Judge expressing serious concern regarding the status of the mediation because Plaintiff had not received any update or information within the time designated, confirmed, and mutually agreed for such communications to occur (November 13 through 17 and November 28 through December 01). It was not until noon of December 18, 2023, more than a month later, that Plaintiff had her first and only official brief telephone conversation with the Magistrate Judge regarding settlement discussions. Besides the letter requested by the Magistrate Judge and sent at the onset of the mediation by Plaintiff, Plaintiff was not a part of or actively engaged in any form with the settlement negotiations. Whereas the Defendants were contacted, were actively engaged in discussions with the Judge within the time designated, and where the Defendants were even allowed to delay proceedings by not responding to the Magistrate Judge in the time periods established.  Indeed, the Plaintiff was prejudiced and at a disadvantage.

## SUMMARY OF ISSUES

For the following reasons, it is both appropriate and necessary for Judge Peter J. Messitte to recuse himself from Plaintiff's case in its entirety:

**1.)** Judge Messitte has voluntarily recused himself from prior proceedings in this case, specifically, all Discovery related matters.

**2.)** Judge Messitte for no apparent, necessary, or justifiable reason openly and publicly questioned the integrity of the Plaintiff and accused the Plaintiff of lying to the Court,

  withholding information from the Court, and putting on pretenses in front of this Court by purportedly acting "ostensibly" as a *pro se* litigant.

**3.)** Penned in Judge Messitte's Opinion following his ruling on dismissal of Plaintiff's case, was: "even if Plaintiff" had included everything necessary to plead her case, [Judge Messitte] still would dismiss her case.

**4.)** When Plaintiff defended her character in response to the direct lies and attacks brought forth through the Defendants' court filings, Judge Messitte called Plaintiff's such defenses and supporting statements and documentation "unnecessary" and "self-serving".

**5.)** Although Judge Messitte referred the case to another judge (Magistrate Judge Gina L. Simms) for all Discovery-related matters, Judge Messitte still negated and overruled Judge Simms's Order to keep the deadline to submit pre-dispositive Motions to October 13, 2023 (the original date set by Judge Messitte himself), by instituting a stay on pre-dispositive Motion submissions until two weeks after the completion of mediation, which is what the Defendants wanted and requested. Judge Messitte did so in favor of the Defendants despite the fact that this issue was presented, addressed, and resolved during a hearing between Judge Simms and both parties; despite the fact both parties were notified of the original deadline months in advance; and, despite documented protests from the Plaintiff. Thereby, Judge Messitte arbitrarily changed the Scheduling Order of a very critical pre-mediation step that prejudiced Plaintiff severely.

**6.)** Judge Messitte dismissed Plaintiff's case with prejudice.

**7.)** And even going so far back as to when the Plaintiff was filing her appeal to the Fourth Circuit Court of Appeals, this Court through Judge Messitte denied Plaintiff's request to file in forma pauperis, which would have stopped Plaintiff's ability to file an appeal of

Judge Messitte's decision. However, the Fourth Circuit Court of Appeals, using the same documentation, forms, and proof submitted to Judge Messitte and this Court, approved Plaintiff's in forma pauperis status application, allowing her appeal to continue forth, and ultimately win.

## **LEGAL ANALYSIS**

It is not uncommon for litigants to move for judges to recuse themselves on grounds of partiality or the appearance thereof. It has been well-documented that improper denial of motions seeking recusal may have serious consequences, for not only does it deny constituents of their rights to a "neutral and detached judge" (*Ward v. Village of Monroeville*, 409 U.S. 57 (1972)), but it diminishes public trust in the judicial system. In order for the sanctity of the justice system to remain intact, it must have the trust of its citizens whose foundations are built on this very system. However, such trust is impossible without confidence in the impartiality of judges. Hence, the two principal statutes governing judicial recusal: (1) 28 U.S.C. § 455, "Disqualification of a justice, judge, or magistrate"; and (2) 28 U.S.C. § 144, "Bias or prejudice of judge." Both apply here.

   A. **28 U.S.C. § 455:** 28 U.S.C. § 455 (a), which parallels Canon 3C of the Code of Judicial Conduct says:

   *"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."*

The updated language of this statute now draws a distinct separation between a subjective and objective standard for when a judge should recuse himself. It is no longer the case that a judge should recuse himself where "in his opinion" sitting would be improper, but rather where his impartiality "might reasonably be questioned."

The Fourth Circuit agrees, stating, "This objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses "all the facts and circumstances." Sellers, 566 F.2d at 887 (quoting H.R. Rep. No. 93-1453 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6355). "This standard abolishes the rule that courts should resolve close questions of disqualification in favor of a judge's so-called "duty to sit,"" see H.R. Rep. No. 93-1453 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6355). The Fourth Circuit has clarified that the hypothetical reasonable observer is not a judge, because judges, keenly aware of the obligation to decide matters impartially, "may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998), cert. denied, 119 S. Ct. 1793 (1999). At the same time, the hypothetical observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *Id*. The critical question presented by this statute "is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *Hathcock v. Navistar Intern. Transp. Corp*., 53 F.3d 36 (4th Cir. 1995). The Fourth Circuit summarizes, "§ 455(a) forbids more than actual bias. Obviously, it is possible for facts to indicate that a judge might be biased such that recusal is required under § 455(a) even though none of those facts indicates actual bias necessitating recusal under § 455(b)."

- B. **28 U.S.C. § 144:** 28 U.S.C. § 144 makes a district judge's recusal mandatory upon a timely and sufficient affidavit accompanied by a certificate from counsel that the affidavit is made in good faith. Section 144 reads as follows:

    *"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed n*o further therein, but another judge shall be assigned to hear such proceeding."

[10]

The Supreme Court held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the allegations. *Berger v. United States*, 255 U.S. 22 (1921).

## ENUMERATION OF ISSUES

For the following reasons, it is both appropriate and necessary for Judge Peter J. Messitte to recuse himself from Plaintiff's case in its entirety:

**1.) Judge Messitte has voluntarily recused himself from prior proceedings in this case, specifically, all Discovery related matters.** In Plaintiff's response (ECF No. 60) to Judge Messitte's Order (ECF No. 54), Judge Messitte recused himself sua sponte from Plaintiff's case as it related to all Discovery Matters for exhibiting prejudice and bias against Plaintiff and unwarranted discipline through an invalid demand brought forth in said Order. As a result, Judge Messitte turned all Discovery related matters and motions over to Magistrate Judge Gina L. Simms. (ECF No. 62) However, in line with 28 U.S.C. §§ 455 and 144, it is appropriate that Judge Messitte remove himself entirely from Plaintiff's case.

**2.) Judge Messitte for no apparent, necessary, or justifiable reason openly and publicly questioned the integrity of the Plaintiff and accused the Plaintiff of lying to the Court, withholding information from the Court, and putting on pretenses in front of this Court by purportedly acting "ostensibly" as a *pro se* litigant.** In ECF Nos. 53 and 54, Judge Messitte proceeded to question the integrity of the Plaintiff on absolutely baseless grounds. The only information known to Judge Messitte, or this Court, is that the Plaintiff is *pro se*, Black, and a woman. Judge Messitte had and has no right to question the character of Plaintiff based solely on the fact that Plaintiff is able to successfully defend her case, do so in an honorable way, do so according to the law, and present it in the legal standard. Judge Messitte, in effect, because his inappropriate opinion is on public record and can be found within his Opinion and Order (ECF

[11]

Nos. 53 & 54), cruelly and unduly prejudiced the Plaintiff by planting seeds of doubt in anyone that is a judge, hearer, or audience to this case that the Plaintiff is a honest, diligent, intelligent, capable, and honorable person; and this is critical in a discrimination case, where prejudice ad bias are at the root of the cause of action. Judge Messitte, in essence, has told the Plaintiff, this Court, and anyone else, that the Plaintiff is not good enough to do the things that she has done, to litigate the way she has litigated, or intelligent enough to navigate the judicial system. *Prima facie* this is pure and utter prejudice and bias. This is not only "assumed" prejudice and bias, but "actual" prejudice and bias. In line with 28 U.S.C. §§ 455 and 144, it is appropriate that Judge Messitte remove himself entirely from Plaintiff's case.

**3.) Penned in Judge Messitte's Opinion following his ruling on dismissal of Plaintiff's case, was: "even if Plaintiff" had included everything necessary to plead her case, [Judge Messitte] still would dismiss her case.** In ECF Nos. 28 and 29, it is evident through Judge Messitte's own words, that Plaintiff will not receive fair, unbiased, or unprejudiced rulings or judgments from Judge Messitte, for no matter what Plaintiff does, his mind is made up. In line with 28 U.S.C. §§ 455 and 144, it is appropriate that Judge Messitte remove himself entirely from Plaintiff's case.

**4.) When Plaintiff defended her character in response to the direct lies and attacks brought forth through the Defendants' court filings, Judge Messitte called Plaintiff's such defenses and supporting statements and documentation "unnecessary" and "self-serving".** In ECF Nos. 28 and 29, Judge Messitte rebuked Plaintiff for defending herself and her character from the Defendants' baseless allegations and outright lies (ECF No. 27), calling her right to defend "self-serving". In line with 28 U.S.C. § 455, it is appropriate that Judge Messitte remove himself entirely from Plaintiff's case for giving the appearance of bias.

**5.) <u>Although Judge Messitte referred the case to another judge (Magistrate Judge Gina L. Simms) for all Discovery-related matters, Judge Messitte still negated and overruled Judge Simms's Order to keep the deadline to submit dispositive Motions to October 13, 2023 (the original date set by Judge Messitte himself), by instituting a stay on pre-dispositive Motion submissions until two weeks after the completion of mediation, which is what the Defendants wanted and requested. Judge Messitte did so in favor of the Defendants despite the fact that this issue was presented, addressed, and resolved during a hearing between Judge Simms and both parties; despite the fact both parties were notified of the original deadline months in advance; and, despite documented protests from the Plaintiff. Thereby, Judge Messitte arbitrarily changed the Scheduling Order of a very critical pre-mediation step that prejudiced Plaintiff severely.</u>** Judge Messitte was notified of Judge Simms's Order regarding the keeping and implementation of the October 13, 2023 deadline on October 04, 2023 (ECF No. 87) for submission of pre-trial dispositive motions — in this case, Plaintiff's Motion for Summary Judgment (ECF Nos. 82, 84, & 88). And although proving that he was aware of his intended action to implement a stay on the deadline by signing an Order that stated said action on October 11, 2023, it was not until the morning of October 13, 2013 (the original deadline date) that Judge Messitte would send out notification — by way of filing an Order (ECF No. 89) — to change the scheduling order and subsequent deadline for the submission of dispositive Motions, which this Court was well-aware of through prior Court filings, hearings, and Status Reports would include Plaintiff's filing of Summary Judgment against the Defendants (ECF Nos. 82, 84, & 88). This greatly prejudiced Plaintiff, as Judge Messitte's actions showed a complete disregard for the resources and time Plaintiff had to implore to complete a Motion that ended up being for naught. Furthermore, Judge Messitte's actions further prejudiced Plaintiff for had Plaintiff submitted her

Motion for Summary Judgment on that day (October 13, 2023, as was ordered by the Honorable Judge Simms, ECF NO. 87), then not only would the Defendants' have seen the Plaintiff's exposed hand, but they would have had an undetermined, undisclosed length of time to file their Response thereto. Thus, Judge Messitte's actions prejudiced the Plaintiff only. In line with 28 U.S.C. § 455, it is appropriate that Judge Messitte remove himself entirely from Plaintiff's case for the appearance of bias and prejudice.

    **6.) <u>Judge Messitte dismissed Plaintiff's case with prejudice.</u>** In ECF Nos. 20, 28, and 29, Judge Messitte dismissed Plaintiff's case with prejudice. While this is usually not grounds for recusal, it can be when a judge's subsequent actions toward the party to which said judgment was made continues to be prejudiced by the Judge who ruled with prejudice on the party's case prior, which is what is occurring with the Plaintiff in this case. In line with 28 U.S.C. § 455, it is appropriate that Judge Messitte remove himself entirely from Plaintiff's case.

    **7.) <u>And even going so far back as to when the Plaintiff was filing her appeal to the Fourth Circuit Court of Appeals, this Court through Judge Messitte denied Plaintiff's request to file in forma pauperis, which would have stopped Plaintiff's ability to file an appeal of Judge Messitte's decision. However, the Fourth Circuit Court of Appeals, using the same documentation, forms, and proof submitted to Judge Messitte and this Court, did approve Plaintiff's in forma pauperis status application, allowing her appeal to continue forth, and ultimately win.</u>** *See* ECF No. 33. Had the Court of Appeals not approved Plaintiff's in forma pauperis status, Judge Messitte undeniably would have prejudiced Plaintiff by stopping her case in its entirety, and thereby wrongfully guaranteeing a win for the Defendants. In line with 28 U.S.C. § 455, it is appropriate that Judge Messitte remove himself entirely from Plaintiff's case.

## CONCLUSION

In conclusion, Judge Messitte of this Court should respectfully recuse himself from any of this case's proceedings. In light of the reasons above, this Court should have another Judge assigned to any and all matters and proceedings related to this case and Plaintiff. Judge Messitte's actions overwhelmingly prove that Plaintiff will not receive fair proceedings and the Plaintiff will be prejudiced in any way that affects the wheels of justice from spinning in the Plaintiff's direction.

WHEREFORE, Petitioner, respectfully requests that this Motion be granted, and the Honorable Judge Peter J. Messitte of this Court voluntarily recuse himself from this case; if a voluntary recusal does not occur, Petitioner requests a hearing and an opportunity to present evidence such that this Motion be granted.

## PRAYER

My prayer is that the Honorable Judge Messitte recuse himself from any further hearings, rulings, and orders that are pending, present, or upcoming up to and including any and all proceedings relating to this case and its trial.

Respectfully submitted,

January 01, 2024

Brittney Felder
Plaintiff, *Pro Se*
6902 Forbes Boulevard,
Seabrook, Maryland 20706
Telephone: (301) 221 - 3833
Email: brittfel@verizon.net
Facsimile: (301) 577 - 6001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 01st day of January 2024, the foregoing **Plaintiff's Motion for Recusal of Judge Peter J. Messitte for Prejudice and Bias, Memorandum in Support of Plaintiff's Motion for Recusal of Judge Peter J. Messitte for Prejudice and Bias, Affidavit of Brittney Felder in Support of Plaintiff's Motion for Recusal of Judge Peter J. Messitte for Prejudice and Bias, Certificate of Good Faith, and proposed Order** were served upon the Defendant by electronic mail and electronically via the District Court's Electronic Document Submission System to the following:

Jeremy Schneider

(Jeremy.Schneider@jacksonlewis.com)

10701 Parkridge Blvd.,

Suite 300

Reston, Virginia 20191

Desiree Langley

(Desiree.Langley@jacksonlewis.com)

10701 Parkridge Blvd.,

Suite 300

Reston, Virginia 20191

_____

Brittney Felder