UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGEGREENBELT, MARYLAND  20770
301-344-0632

MEMORANDUM

TO:Counsel of Record; Brittney Felder

FROM:Judge Peter J. Messitte

RE:*Brittney Felder v. MGM National Harbor, LLC*
Civil No. PJM 18-3405

DATE:February 13, 2024

********

Having considered Plaintiff Brittney Felder's Motion for Recusal (ECF No. 98), MGM National Harbor, LLC's response in Opposition (ECF No. 103), and Ms. Felder's Reply (ECF No.107), the Court **DENIES** Ms. Felder's Motion for Recusal.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b)(1) then states that any justice, judge, or magistrate judge "shall also disqualify himself" when he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

28 U.S.C. § 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"[T]he affidavit, accepted as true, must clearly delineate circumstances showing personal bias or prejudice." *Hirschkop v. Virginia State Bar Ass'n*, 406 F. Supp. 721, 725 (E.D. Va. 1975).

Supreme Court and Fourth Circuit precedent have held that there is a high bar required for recusal under 28 U.S.C. § 455 and § 411 based on in-court activities. In *Liteky v. United States*, 510 U.S. 540, 555 (1994), the Supreme Court stated "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See also Hirschkop*, 406 F. Supp. at 725 (stating that allegations "related to actions taken or statements made during the course of the instant judicial proceeding.... as a matter of law are inadequate for recusal").

In fact, "judicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'" *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (citing *Liteky*, 510 U.S. at 555). Thus, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S at 555.

Felder has not identified any ruling or comment allegedly made by this Court that goes beyond the "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses" that were deemed inadequate grounds for recusal by the Supreme Court. *Id.* at 556.[1] Furthermore, Felder makes this motion, after this case has been pending for approximately five years, and many of the decisions she takes issue with were made over two years ago. The Fourth Circuit has explicitly stated that recusal motions "cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574.

In sum, the Court **DENIES** the Motion for Recusal. It is satisfied that its impartiality cannot reasonably be questioned.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc: Court File

---

[1] Ms. Felder suggests that the Court "recused himself" from her case "as it related to all Discovery Matters for exhibiting prejudice and bias against Plaintiff and unwarranted discipline through an invalid demand." ECF No. 98-1 at 11. This member of the bench did not recuse himself. He referred the case to a magistrate judge to handle discovery and related scheduling matters, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland. *See* ECF No. 62.